IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-2287 |
| | § | |
| FMC TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is Defendant FMC Technologies, Inc.'s Request for Entry of Bill of Costs (Instrument No. 19). Defendant requests the following costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2 of the Southern District of Texas: court reporter fees in the amount of $1,198.45 for all or any part of the transcript necessarily obtained for use in the case and $206.20 in other costs.[1]

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the

---

[1] Defendant's other costs are $201.20 for document retrieval and $5 for parking. Defendant's requested costs total $1,404.65.

prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990)). To determine who is a prevailing party, the court must look at the case as a whole. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Successful recovery on every issue is not required in order to be deemed a prevailing party. *Id*.

Title 28 U.S.C. § 1920 identifies recoverable costs:

A judge or clerk of any court of the United States may tax as costs the following:(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2000). A court may decline to award the costs listed in the statute, but may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Before a court taxes a bill of costs, the party claiming the cost shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2000). Costs of original depositions and copies are recoverable as long

as shown to be necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1920 (2)-(4); *see also Fogleman*, 920 F.2d at 285. "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285-86. To assist the court, the prevailing party should provide some demonstration that the costs necessarily result from the litigation. *Id.* at 286. If a party does not set out costs with sufficient particularity, a court may disallow them. *See Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990).

In the instant case, Defendant filed its request for bill of costs on July 13, 2005, and submitted the appropriate affidavit. Plaintiff Clarence Wright failed to object or submit a response to Defendant's bill of costs and supporting affidavit. Failure to respond is taken as representation of no opposition. S.D. TEX. LOCAL R. 7.4 However, the Court still must determine whether the costs requested are allowable under 28 U.S.C. § 1920.

(1) Prevailing Party

To determine who is a prevailing party, the court must look at the case as a whole. *Fogleman*, 920 F.2d at 285. Successful recovery on every issue is not required in order to be deemed a prevailing party. *Id.* Here, the Court's Final Judgment indicates that Defendant prevailed on summary judgment. As such, Defendant may be awarded certain costs. FED. R. CIV. P. 54(d)(1).

(2) Transcript costs

Defendant requests an award of $1,198.45 for deposition expenses in this case. Section 1920 allows for the recovery of routine expenses incurred in trial preparation, which necessarily includes taking depositions, so long the expenses were both necessary and reasonable.  *See* 28 U.S.C. §§ 1920 (2)-(4); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).  Deposition costs may be recovered, even if the deposition was not used at a trial.  *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs., Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988).  The actual use of a deposition in the case or at pretrial proceedings satisfies the statutory requirement that it be necessary.  *Id*.

In the instant case, Defendant represents that this transcript was necessarily obtained in anticipation of trial.  Further, Defendant referenced portions of a deposition in its summary judgment motion.  Additionally, the United States Court of Appeals for the Fifth Circuit only requires a showing of "necessarily obtained" for use in a case. *See Fogleman*, 920 F.2d at 286.  Consequently, the Court, in its discretion, determines that Defendant's requested deposition costs are proper and are granted.

(3) Other costs

Defendant also requested recovery of $201.20 in document retrieval fees as well as a $5 parking fee.  Although Plaintiff neither objected nor filed any written opposition

to this charge, the Court determines that it does not have sufficient information to conclude these costs are specifically provided for by statute. *See Embotelladora Agral Regionmontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D. Tex. 1997)(declining recovery of travel expense costs because of insufficient information about whether it was an allowable witness expense); *see also Coats*, 5 F.3d at 892 (declining to award costs because the court could not "judge the necessity of these expenses without a more specific statement"). As such, the Court declines to award these costs under 28 U.S.C. § 1920. Accordingly, Defendant's request for $206.20 of other costs is denied. For the reasons stated herein, the Court hereby

ORDERS that as prevailing party, Defendant FMC Technologies is entitled to recover costs in the amount of $1,198.45 from Plaintiff Clarence Wright. The Court further

ORDERS that all other relief not expressly granted herein is denied.

SIGNED at Houston, Texas, on this 23rd day of December, 2005.

_____
DAVID HITTNER
United States District Judge